**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MELISSA NOVAK, individually and on behalf of others similarly situated, <br>                           Plaintiff, <br><br> v. <br><br> U-PICK TRAVEL AND TOURS INC., <br>                           Defendant. | Case No. 1:21-cv-04102 <br><br><br><br> **Jury Trial Demanded** |

**CLASS ACTION COMPLAINT**

1. Defendant U-Pick Travel and Tours Inc. ("U-Pick") called Plaintiff dozens of times in attempts to sell her travel bundles.

2. U-Pick has continued to make unsolicited telemarketing calls to Plaintiff despite her repeated requests to not be called, and all of U-Pick's calls were made while Plaintiff's number was on the National Do Not Call Registry.

3. Plaintiff seeks money damages and injunctive relief for herself and a class of other similarly situated persons, pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**INTRODUCTION**

4. Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective. However, this technology has also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and money. As a result, the federal government and numerous states have enacted legislation to combat these widespread telecommunications abuses. As Congress recognized:

    Many customers are outraged over the proliferation of intrusive, nuisance calls to

> their homes…. Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Pub. L. No. 102-243, 105 Stat. 2394 § 2(6, 12) (1991).

5. As is relevant here, the TCPA provides that "[n]o person or entity shall initiate any telephone solicitation to ... [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

6. The TCPA further prohibits "initiat[ing] any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]" 47 C.F.R. § 64.1200(d).

7. The TCPA provides for injunctive relief and the greater of actual damages or up to $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated. 47 U.S.C. § 227(c)(5).

8. Defendant caused multiple telemarketing calls to be made to the phones of Plaintiff and others without their prior express invitation or permission, despite such person's prior request to not be called and/or registration with the National Do Not Call Registry. Plaintiff files this class action complaint on behalf of herself and others similarly situated, seeking relief from Defendant's illegal calling practices.

**PARTIES**

9. Plaintiff Melissa Novak is a natural person who resides in Will County, Illinois,

and is a citizen of Illinois. She was in this District when she received the calls alleged herein.

10. Defendant U-Pick Travel and Tours Inc. is a Florida corporation headquartered at 123 NW 13th Street, Suite 305B, Boca Raton, Florida 33432.

## JURISDICTION AND VENUE

11. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012).

12. The Court also has Class Action Fairness Act jurisdiction, because there are thousands of members of each class, at least one class member is a citizen of a different state from where any Defendant is a citizen, and because the aggregate damages exceed $5,000,000, exclusive of fees, costs and interest.

13. The Court has personal jurisdiction over Defendant and venue is appropriate in this District under 28 U.S.C. § 1391(a) because Defendant does business in this District, Defendant made or caused to be made the calls that are the subject of this lawsuit to Plaintiff and others in this District, knowingly solicited and sold travel packages and other products and services to Plaintiff and other Illinois consumers during the calls at issue, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

## FACTS

14. U-Pick is a registered Florida travel agency that solicits travel packages nationwide, including in this District.

15. U-Pick utilizes outbound telemarketing to attempt to generate sales of its travel packages. Consumers who purchase a package are offered discounted rates on travel, hotel stays, and cruise offerings, subject to listening to a U-Pick presentation on further offerings.

16. U-Pick has called Plaintiff's cellular phone number dozens of times in the four years leading to the filing of this complaint.

17. The purpose of U-Pick's calls to Plaintiff's cell phone number was to sell travel packages.

18. Plaintiff's cell phone number has been on the National Do Not Call Registry since at least approximately June 28, 2018.

19. Plaintiff repeatedly asked U-Pick not to call her phone.

20. Despite this, U-Pick called Plaintiff's cell phone number dozens of times to attempt to sell her vacation packages.

21. For instance, U-Pick made the following calls to Plaintiff's cell phone number for purposes of soliciting vacation packages after Plaintiff asked it to stop calling:

   a. from 321-248-1582 on April 5, 2021
   b. from 630-358-4216 on May 6, 2021
   c. from 630-358-4256 on May 6, 2021
   d. from 630-358-4216 on May 8, 2021
   e. from 630-358-4270 on May 25, 2021
   f. from 630-358-4283 on May 25, 2021
   g. from 630-793-3323 on June 3, 2021
   h. from 331-265-2920 on June 4, 2021
   i. from 639-389-6116 on June 4, 2021
   j. from 331-265-2920 on June 7, 2021
   k. from 331-265-2920 on June 7, 2021
   l. from 773-530-1142 on June 21, 2021

      m. from 331-265-2920 on June 21, 2021

      n. from 217-269-0568 on June 21, 2021

      o. from 217-215-8208 on June 24, 2021

      p. from 630-967-4239 on June 25, 2021

      q. from 630-318-4595 on July 2, 2021

      r. from 618-202-5288 on July 12, 2021

      s. from 331-200-4490 on July 13, 2021

      t. from 217-216-8486 on July 13, 2021

      u. from 773-466-6064 on July 14, 2021

      v. from 630-358-4034 on July 14, 2021

      w. from 954-239-6091 on July 15, 2021

      x. from 954-239-6091 on July 15, 2021

      y. from 217-219-8122 on July 23, 2021

22. Plaintiff indicated that she did not want to be called during all or virtually all of the above-identified calls, as well, but this did nothing to get the calls to cease.

23. In fact, during a telemarketing call Plaintiff received from U-Pick on June 4, 2021, Plaintiff asked not to be called. The sales agent, who identified himself as "Evans", told Plaintiff that he could get fired for adding too many people to the do-not-call list. And though Evans said he would risk being fired to put Plaintiff on the do-not-call list, this did not happen. Alternatively, U-Pick doesn't maintain a do-not-call list at all.

24. Defendant made or caused to be made additional unsolicited telemarketing calls to Plaintiff's phone number, as well, for which it is likewise liable.

25. Defendant's sales agents don't identify Defendant at the outset of the

conversation; only after a call recipient goes through the call process is U-Pick actually identified as the business on whose behalf these calls are made, if at all. Instead, the sales agents identify themselves as representatives from one of several entities—"Travel Now", "Premier Destinations", etc.—all of which are generic, fictitious names for U-Pick.

26. On information and belief, U-Pick utilizes fake names in order to evade liability for telemarketing violations.

27. The calls alleged herein made by or on behalf of Defendant, including those to Plaintiff, were made to phone numbers that had been registered with the National Do Not Call Registry for more than 31 days prior to receipt of the calls.

28. Defendant did not have written do-not-call policies or procedures at the time of the calls to Plaintiff and the classes defined below. Alternatively, whatever written policies Defendant had either failed to comply with the minimum requirements under the TCPA, 47 C.F.R. § 64.1200(d), or were never properly implemented—including as evidenced by the continued calls to Plaintiff after she directly asked not to be contacted.

29. Defendant's violations were negligent. Alternatively, they were willful and knowing.

30. Indeed, U-Pick received complaints about unwanted telemarketing prior to the calls to Plaintiff, but Defendant continued to engage in the conduct complained of herein despite having been put on notice of the violations.

31. Plaintiff and the classes have been damaged by these calls. Their privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the calls. Defendant's calls were annoying and a nuisance, and wasted the time of Plaintiff and the classes.

*See, e.g., Mims v. Arrow Fin. Servs., Inc.*, 132 S. Ct. 740 (2012). Indeed, calls persisted even after Defendant was placed on notice that calls were unwanted.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action under Federal Rules of Civil Procedure 23(b)(2) and (b)(3), on behalf of the following classes:

> **National DNC Class:** All persons within the United States to whom Defendant or someone on its behalf initiated more than one call for the purpose of encouraging the purchase of a product or service within any 12-month period, despite the phone number having been registered on the National Do Not Call Registry for more than 31 days, where Defendant lacked any signed, written agreement with the consumer stating that he or she agrees to be contacted by it at the phone number.

> **Internal DNC Class:** All persons within the United States to whom Defendant or someone on its behalf initiated more than one call for the purpose of encouraging the purchase of goods or services within any 12-month period, where more than one call came after a request to stop calling.

33. Upon information and belief, there have been thousands of persons in each class whose phone number Defendant or someone on its behalf repeatedly called to solicit vacation packages, despite their number having been registered with the National Do Not Call Registry or a prior do-not-call request.

34. Common questions of law or fact exist as to all members of the classes, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

    a. Whether Defendant had "prior express invitation or permission" under the TCPA to call the phone numbers of Plaintiff and the National DNC Class;

    b. Whether Defendant had properly implemented do-not-call procedures meeting the minimum standards required under 47 C.F.R. § 64.1200(d);

    c. Whether Defendant had established and implemented, with due care,

        reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations; and

    d. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(c)(5).

35. Plaintiff's claims are typical of the claims of the other members of the classes. The factual and legal bases of Defendant's liability to Plaintiff and the other members of the class are the same: It violated the TCPA by causing multiple unsolicited telephone solicitations to be made to the telephone number of each member of the National DNC Class despite their number's registration with the National Do Not Call Registry and, as to the Internal DNC Class, despite having failed to institute necessary procedures and calling despite a prior request to not be called.

36. Plaintiff will fairly and adequately protect the interests of the classes. Plaintiff has no interests that might conflict with the interests of the classes. Plaintiff is interested in pursuing her claims vigorously, and she has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

37. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, thousands of members of each class, such that joinder of all members is impracticable.

38. No difficulties are likely to be encountered in the management of this action that

would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

39. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the classes, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the classes, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the classes that would establish incompatible standards of conduct.

40. The identity of the classes is, on information and belief, readily identifiable from Defendant's records.

## COUNT I
### Violations of the Do Not Call Registry provisions of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

41. Plaintiff re-alleges and incorporates all prior paragraphs. This Count I is brought by Plaintiff on behalf of herself and the National DNC Class.

42. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

43. Defendant violated the TCPA by initiating or causing to be initiated multiple telephone solicitations to Plaintiff and the other members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

44. These violations were willful or knowing.

45. As a result of Defendant's violations of the TCPA's national do-not-call rule,

Plaintiff and the other members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

46. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

47. To the extent Defendant did not physically "initiate" the calling at issue itself, it is nonetheless vicariously liable based on theories of actual authority, apparent authority, and ratification, for these calls were made on its behalf.

WHEREFORE, Plaintiff Melissa Novak, individually and on behalf of the National DNC Class, respectfully requests that the Court enter judgment against Defendant for:

    A. Certification of the National DNC Class as alleged herein;

    B. Damages, pursuant to 47 U.S.C. § 227(c)(5);

    C. Injunctive relief, pursuant to 47 U.S.C. § 227(c)(5), aimed at preventing Defendant from violating the TCPA in the future, including:

        1. Requiring Defendant to establish and implement do-not-call policies;

        2. Requiring Defendant to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of Defendant's telemarketing calls to ensure that Defendant had consent and that the consumer had not previously asked that calls stop, and (c) report the results of the above investigations to the Court and Plaintiff's counsel on a quarterly basis; and

        3. Requiring Defendant to include an automated IVR opt-out

>mechanism at the beginning of any and all prerecorded-voice calls, for which opt-outs are actually honored;

D. Attorneys' fees and costs, as permitted by law; and

E. Such other or further relief as the Court deems just and proper.

### COUNT II
### Violations of the Internal Do Not Call provisions of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Internal DNC Class)

48. Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set forth herein. This Count II is brought by Plaintiff on behalf of herself and the Internal DNC Class.

49. It is a violation of the TCPA to "initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d). The procedures instituted must meet certain minimum standards, including but not limited to: (1) having a written policy, available on demand, for maintaining a do-not-call list; (2) informing and training personnel engaged in any aspect of telemarketing on the existence and use of the do-not-call list; (3) recording and honoring do-not-call requests; (4) identifying the caller and person or entity on whose behalf the telemarketing call is being made; (5) applying the do-not-call request to the particular business entity making the call or on whose behalf the call is made; and (6) maintaining a record of a request not to receive further telemarketing calls and honoring such for at least five years from the time the request is made. *Id.*

50. Defendant caused to be initiated multiple telemarketing calls to the phone numbers of Plaintiff and the other members of the Internal DNC Class in violation of these regulations in a 12-month period. The reason for the noncompliant calls is that Defendant failed

to institute a telemarketing policy that complied with 47 C.F.R. § 64.1200(d). Alternatively and additionally, Defendant unreasonably and willfully failed to adhere to any policies that might have complied with the letter of 47 C.F.R. § 64.1200(d), thus causing the violative calls.

51. The calls at issue also failed to identify the caller at the outset of the call and failed to identify a phone number or address where the consumer may opt out of future calls. 47 C.F.R. § 64.1200(d)(4). This was by design: U-Pick did not require its agents to state this information at the beginning of phone calls (if at all), so that they could continue to accept business from the calls, with impunity.

52. Defendant also violated the TCPA by failing to adhere to its own policies concerning the Internal Do Not Call rules (to the extent they existed at all). On information and belief, Defendant also failed to properly inform and train personnel in the existence and use of a do-not-call list—as evidenced by the fact that Plaintiff continued to be called after indicating that she did not want to be contacted.

53. These violations were willful or knowing.

54. As a result of Defendant's violations of the TCPA's internal do-not-call rules, Plaintiff and the other members of the Internal DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

55. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

56. To the extent Defendant did not physically "initiate" the calling at issue itself, it is nonetheless vicariously liable based on theories of actual authority, apparent authority, and ratification, for these calls were made on its behalf.

WHEREFORE, Plaintiff Melissa Novak, individually and on behalf of the Internal DNC

Class, respectfully requests that the Court enter judgment against Defendant for:

    A.    Certification of the Internal DNC Class as alleged herein;

    B.    Damages, pursuant to 47 U.S.C. § 227(c)(5);

    C.    Injunctive relief, pursuant to 47 U.S.C. § 227(c)(5), aimed at preventing Defendant from violating the TCPA in the future, including:

        1. Requiring Defendant to establish and implement do-not-call policies;

        2. Requiring Defendant to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of Defendant's telemarketing calls to ensure that they are identified during the beginning of each call; and

        3. Requiring Defendant to include an automated IVR opt-out mechanism at the beginning of any and all prerecorded-voice calls, for which opt-outs are actually honored;

    D.    Attorneys' fees and costs, as permitted by law; and

    F.    Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

        Respectfully submitted,

Dated: August 2, 2021        MELISSA NOVAK, individually and on behalf of others similarly situated

        By: _/s/ Alexander H. Burke_

Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
909 Davis St., Suite 500
Evanston, IL 60201
Telephone: (312) 729-5288
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

*Counsel for Plaintiff*

**Document Preservation Demand**

  Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or artificial or prerecorded voice calls, e-mails, recordings, documents, and all other tangible things that relate to the allegations herein, Plaintiff, or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

                                    */s/ Alexander H. Burke*